TINYA CHERNEY v. NORTH CAROLINA ZOOLOGICAL PARK

No. 606A04-3

(Filed 7 March 2008)

**Tort Claims Act; Premises Liability— injury to zoo patron— premises liability standard**

The decision of the Court of Appeals in this action under the Tort Claims Act for injuries received by a state zoo patron when a ficus tree fell in a zoo exhibit is reversed for the reasons stated in the dissenting opinion, and the case is remanded to the Court of Appeals for further remand to the Industrial Commission for entry of a new decision and order in accordance with the premises liability standard articulated in *Nelson v. Freeland*, 349 N.C. 615, and applied in *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 185 N.C. App. 203, 648 S.E.2d 242 (2007), affirming a decision and order entered by the North Carolina Industrial Commission on 28 April 2006. Heard in the Supreme Court 12 February 2008.

*Knott & Berger, L.L.P., by Joe Thomas Knott, III, Bruce W. Berger, and Kenneth R. Murphy, III, for plaintiff-appellant.*

*Roy Cooper, Attorney General, by William H. Borden, Special Deputy Attorney General, for defendant-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals affirming the Industrial Commission's decision and order is reversed. This case is remanded to the Court of Appeals for further remand to the Industrial Commission for entry of a new decision and order in accordance with the premises liability standard articulated in *Nelson v. Freeland,* 349 N.C. 615, 507 S.E.2d 882 (1998) and applied subsequently in *Martishius v. Carolco Studios, Inc.,* 355 N.C. 465, 562 S.E.2d 887 (2002). The Commission shall enter its new decision and order on the record as it exists without taking additional evidence.

REVERSED AND REMANDED.

Justices NEWBY and TIMMONS-GOODSON did not participate in the consideration or decision of this case.